(C.R.D. 78–4)

ARMSTRONG BROS. TOOL CO.; BERGMAN TOOL MANUFACTURING CO., INC.; DURO METAL PRODUCTS COMPANY; MILWAUKEE TOOL & EQUIPMENT CO., INC.; H. K. PORTER, INC.; PROTO TOOLS DIVISION, INGERSOLL RAND COMPANY; TOOL GROUP, DRESSER INDUSTRIES, INC.; AND THE WRIGHT TOOL & FORGE COMPANY

*v.*

UNITED STATES (DAIDO CORPORATION, STEELCRAFT TOOLS DIVISION, PARTY-IN-INTEREST)

Court No. 77–8–02005

(Dated June 27, 1978)

*Stewart & Ikenson (Frederick L. Ikenson* of counsel) for the plaintiffs.

*Barbara Allen Babcock,* Assistant Attorney General (*Joseph I. Liebman* and *William F. Atkin,* trial attorneys), for the defendant.

*Tanaka Walders & Ritger (H. William Tanaka, Lawrence R. Walders,* and *Wesley K. Caine* of counsel) for the party-in-interest.

NEWMAN, Judge: This is an American manufacturers' action brought pursuant to 28 U.S.C. § 1582(b) (1970), 28 U.S.C. § 2632(a) (Supp. V 1975) and 19 U.S.C. § 1516(c) (Supp. V 1975), involving the Antidumping Act of 1921, as amended (19 U.S.C. §§ 160, *et seq.*) (1970 & Supp. V 1975) (hereinafter Antidumping Act).

Plaintiffs challenge the negative injury determination of the United States Tariff Commission (now "United States International Trade Commission") in investigation AA1921–141 relating to certain nonpowered hand tools from Japan, as reported in 39 FR 38133–34 (1974). The jurisdictional uncertainty surrounding this action at the time issue was joined was recently resolved in *SCM Corporation* v. *United States (Brother International Corporation, Party-in-Interest),* 80 Cust. Ct. 226, C.R.D. 78–2 (1978), wherein Chief Judge Re held that the Customs Court has jurisdiction to review a negative injury determination by the Commission in an American manufacturer's action pursuant to 19 U.S.C. § 1516(c). See also my recent opinion in *Armstrong Bros. Tool Co. et al.* v. *United States (Great Neck Saw Manufacturing, Incorporated, Party-in-Interest),* 80 Cust. Ct. 160, C.D. 4751 (1978), following the rationale of *SCM.*

Here, after issue was joined, defendant instituted discovery by serving plaintiffs with interrogatories seeking, *inter alia,* "the facts" that constitute the bases for plaintiffs' assertions in their complaint

that the Commission erred by misconstruing the relevant statutory language, misapplying the Antidumping Act, and rendering a decision that was arbitrary, unreasonable, not supported by substantial evidence, and without a rational basis.[1] Plaintiffs responded to these interrogatories by objecting on the ground that they call for "legal argumentation". Defendant now seeks an order compelling answers to the interrogatories in question pursuant to rule 6.5.

It appears that neither party contemplates a trial, but rather a judicial review predicated upon the administrative record (although the perimeters of such "record" are disputed).[2] Plaintiffs' position is that the Commission erred in reaching its negative injury determination as a matter of law. Further, plaintiffs contend that when the "record" has been made available to them, they will in due course file a motion for summary judgment, at which time defendant will be apprised of the facts that defendant presently seeks in its discovery.

Under these circumstances, I see no useful purpose to be served in requiring plaintiffs to analyze the administrative "record" made available to them at this juncture in order to simply give defendant a citation of those portions thereof upon which plaintiffs, in their motion for summary judgment, will rely in support of their legal contentions.[3] Plainly, if discovery were compelled pursuant to defendant's motion, plaintiffs' response would largely be argumentative and contentious. In light of these considerations, the proper objectives of discovery would not be served. See generally 4A *Moore's Federal Practice* § 33.17 (1975)

---

[1] Interrogatory Nos. 2, 3 and 4 (a), (b), (c) and (d) of defendant's first interrogatories directed to plaintiffs

[2] For the standard and scope of review applicable to the Commission's injury determinations under the Antidumping Act see the recent order of Judge Maletz in *Pasco Terminals, Inc.* v. *United States,* 80 Cust. Ct. 249, C.R.D. 78-3 (1978); and also his unpublished order in the same case dated May 8, 1978, requiring transmittal to the Clerk of this Court of a certified copy of the transcript of proceedings and exhibits introduced before the Commission. And see my orders entered concurrently herewith in *Armstrong Bros. Tool Co. et al.* v. *United States (Daido Corporation, Steelcraft Tools Division, Party-in-Interest),* 80 Cust. Ct. 252, C.R.D. 78-5 (1978), and *Sprague Electric Company* v. *United States ( Capar Components Corp., Party-in-Interest),* 80 Cust. Ct. 256, C.R.D. 78-7 (1978).

[3] Plaintiffs state that "parts of what plaintiffs consider to be the record have not yet been made available to plaintiffs" (memorandum 3). In this connection, plaintiffs served upon defendant a set of interrogatories and a request for production of "All documents and t hings in the files of the United States International Trade Commission and/or individual Commissioners" relating to investigation AA1921-141, which was the basis for the Commission's negative injury determination challenged in this action. Thereupon, defendant moved for a protective order pursuant to rule 6.1(c) seeking to be relieved from responding to plaintiffs' interrogatories and request for production, and seeking to prohibit plaintiffs from conducting discovery into matters beyond the Commission's notice of investigation and hearing (39 FR 27614 (1974)) and the Commission's negative injury determination and statement of reasons (39 FR 38133-34 (1974)). In an order entered by this Court concurrently herewith (C.R.D. 78-5), defendant's motion for a protective order was denied, and citing *Pasco Terminals, Inc.* v. *United States, supra,* n.2, and *Sprague Electric Company* v. *United States (Capar Components Corp., Party-in-Interest),* 80 Cust Ct. 256, C.R.D. 78-7 (1978), decided concurrently herewith, the Secretary of the Commission was directed to transmit to the Clerk of this Court on or before July 28, 1978, the following: (1) a certified copy of the transcript of proceedings and exhibits introduced before the Commission in investigation AA1921-141; (2) certified copies of all written submissions, questionnaires, reports and all other documents relating to investigation AA1921-141; and (3) all other things in the files of the Commission relating to the investigation.

Accordingly, defendant's motion for an order compelling discovery is hereby denied. See order of Judge Maletz entered on May 26, 1978, similarly denying defendant's motion for an order compelling discovery in *ASG Industries, Inc. et al.* v. *United States*, Court No. 77–5–00879; and also my opinion and order in *Sprague Electric Company* v. *United States (Capar Components Corp., Party-in-Interest)*, 80 Cust. Ct. 254, C.R.D. 78–6 (1978), promulgated concurrently herewith.