(C.R.D. 78–5)

ARMSTRONG BROS. TOOL CO.; BERGMAN TOOL MANUFACTURING CO., INC., DURO METAL PRODUCTS COMPANY; MILWAUKEE TOOL & EQUIPMENT CO., INC.; H. K. PORTER, INC.; PROTO TOOLS DIVISION, INGERSOLL RAND COMPANY; TOOL GROUP, DRESSER INDUSTRIES, INC.; AND THE WRIGHT TOOL & FORGE COMPANY

*v.*

UNITED STATES (DAIDO CORPORATION, STEELCRAFT TOOLS DIVISION, PARTY-IN-INTEREST)

Court No. 77–8–02005

(Dated June 27, 1978)

*Stewart & Ikenson (Frederick L. Ikenson* of counsel) for the plaintiffs.
*Barbara Allen Babcock*, Assistant Attorney General *(Joseph I. Liebman* and *William F. Atkin*, trial attorneys), for the defendant.
*Tanaka Walders & Ritger (H. William Tanaka, Lawrence R. Walders* and *Wesley K. Caine* of counsel) for the party-in-interest.

## ORDER

NEWMAN, Judge.

Plaintiffs having brought an American manufacturers' action pursuant to 28 U.S.C. § 1582(b) (1970), 28 U.S.C. § 2632(a) (Supp. V 1975) and 19 U.S.C. § 1516(c) (Supp. V 1975), in which plaintiffs challenge the negative injury determination of the United States Tariff Commission (now "United States International Trade Commission") in investigation AA1921–141 under the Antidumping Act of 1921, as amended (19 U.S.C. §§ 160, *et seq.* (1970 & Supp. V 1975), relating to the importation of certain nonpowered hand tools from Japan, as reported in 39 FR 38133–34 (1974); and

Plaintiffs having served upon defendant a second set of interrogatories and a second request for production of "All documents and

things in the files of the United States International Trade Commission and/or individual Commissioners, pertaining to the Commission Investigation No. AA1921–141, involving *Wrenches, Pliers, Screwdrivers, and Metal-cutting Snips and Shears from Japan"*, which investigation was the basis for the Commission's negative injury determination challenged in this action; and

Defendant having moved for a protective order pursuant to rule 6.1(c) seeking to be relieved from responding to plaintiffs' second set of interrogatories and second request for production, and seeking to prohibit plaintiffs from conducting discovery into matters beyond the Commission's notice of investigation and hearing (39 FR 27614 (1974)) and the Commission's negative injury determination and statement of reasons (39 FR 38133–34 (1974)); now

After careful consideration of defendant's motion, and upon all other papers and proceedings herein, it is hereby ORDERED:

1. That defendant's motion is denied, but nevertheless defendant shall be relieved from responding to plaintiffs' second set of interrogatories and plaintiffs' second request for production of documents and things.

2. That the Secretary of the United States International Trade Commission, Kenneth R. Mason, shall prepare and transmit to Joseph E. Lombardi, Clerk of the United States Customs Court, on or before July 28, 1978, the following: (1) a certified copy of the transcript of proceedings and exhibits introduced before the Commission in investigation AA1921–141; (2) certified copies of all written submissions, questionnaires, reports and all other documents relating to investigation AA1921–141; and (3) all other things in the files of the Commission relating to the investigation. *Cf.* Judge Maletz' order in *Pasco Terminals, Inc.* v. *United States,* 80 Cust. Ct. 249, C.R.D. 78–3 (1978), and also his unpublished order in the same case entered on May 8, 1978. See also my order in *Sprague Electric Company* v. *United States (Capar Componer ts Corp., Party-in-Interest),* 80 Cust. Ct. 256, C.R.D. 78–7 (1978), entered concurrently herewith.

3. That denial of defendant's present motion for a protective order shall be without prejudice to renewal respecting any documents or things that were received by the Commission on a confidential basis or are otherwise privileged.

4. That the basis of this order is to enable the court to determine whether or not the Commission's finding of injury was, among other things, arbitrary, an abuse of discretion, or otherwise contrary to law. See, e.g., *Camp* v. *Pitts,* 411 U.S. 138 (1973); *Citizens to Preserve Overton Park* v. *Volpe,* 401 U.S. 402 (1971); *Imbert Imports, Inc.* v. *United States,* 60 CCPA 123, C.A.D. 1094, 475 F. 2d 1189 (1973); *Suwannee Steamship Company* v. *United States,* 79 Cust. Ct. 19, C.D.

4708, 435 F. Supp. 389 (1977); *Cf. Dunlop* v. *Bachowski*, 421 U.S. 560 (1975). See also questions and answers attached to the letter of Daniel Minchew, Chairman, United States International Trade Commission, November 16, 1977, reproduced in *Hearing before the Subcommittee on Trade, House Committee on Ways and Means, on the Adequacy and the Administration of the Antidumping Act of 1921* (95th Cong., 1st Sess. 1977) pp. 65–66.