(C.R.D. 78–13)

SCM CORPORATION v. UNITED STATES (Brother International Corporation, PARTY-In-Interest)

Court No. 77–4–00553

(Dated August 9, 1978)

Stewart & Ikenson (Frederick L. Ikenson of counsel) for the plaintiff.
Barbara Allen Babcock, Assistant Attorney General (David M. Cohen, Chief, Customs Section, and Glenn E. Harris, trial attorney), for the defendant.
Tanaka, Walders & Ritger (H. William Tanaka, Lawrence R. Walders and Wesley K. Caine of counsel) for the party-in-interest.

RE, Chief Judge:   This is an action by an American manufacturer brought pursuant to section 516(c) of the Tariff Act of 1930, as amended, 19 U.S.C. § 1516(c) (Supp. V 1975). Plaintiff, SCM Corporation, seeks to review the failure of the Secretary of the Treasury to assess dumping duties upon the importation from Japan of portable electric typewriters.

Specifically, plaintiff challenges the United States International Trade Commission's (ITC) determination in its Investigation AA1921–145, that an industry in the United States was not being or likely to be injured, or prevented from being established, by reason of portable electric typewriters from Japan sold at less than fair value within the meaning of the Antidumping Act of 1921, as amended, 19 U.S.C. § 160 et seq. (1970 & Supp. V 1975). This negative injury determination is the subject of this litigation. See SCM Corporation

v. *United States* (*Brother International Corporation, Party-in-Interest*); 80 Cust. Ct. 226, C.R.D. 78–2, 450 F. Supp. 1178 (1978), which denied plaintiff's motion to dismiss for lack of subject matter jurisdiction.

The action is presently before this court on (1) the plaintiff's motion to compel discovery, and production of documents and things which comprise the entire record made before the ITC in the antidumping investigation; (2) the defendant's cross-motion for a protective order, and to be relieved from responding to plaintiff's discovery and motion to produce; and (3) the party in interest's cross-motion for a protective order.

Plaintiff initiated its discovery by serving on the defendant and the party in interest, interrogatories and a request to identify and produce all documents and things which comprise the entire record made before the Commission.

Defendant responded to plaintiff's discovery by categorizing and identifying all of the documents and things it claimed were in the files of the Commission, or individual Commissioner, at the time of the injury determination. It did not produce any of the requested items, but stated specific reasons for not producing them. Defendant also identified six groups of documents or things, three of which the plaintiff does not contest the failure to produce. Plaintiff nevertheless demands all other documents identified in defendant's response, as well as all documents which are part of the record of the Commission.

In its initial response, the defendant disclaimed the term "record" as applied to the ITC investigation, but later amended its response by producing a copy of the notice of investigation and hearing issued March 28, 1975; a copy of the notice of investigation and hearing of March 28, 1975 as published in the Federal Register on April 3, 1975 (40 Fed. Reg. 15013); and a determination of no injury or likelihood of injury in Investigation AA1921–145 under the Antidumping Act of 1921, as amended, USITC publication 732 dated June 19, 1975; and the determination and statement of reasons as published in the Federal Register (40 Fed. Reg. 27079).

In sum, the defendant's refusal to produce certain documents and request for protective order is based upon the belief that the requested materials are not relevant for the purpose of judicial review, and that the information was given to the ITC in confidence and upon the assumption that the confidence would be preserved.

Thus, the parties present several issues with respect to the permissible scope of discovery of materials submitted to the ITC, the extent to which those materials may be subjected to a protective order, and the scope of judicial review of the administrative action. In similar cases, *Pasco Terminals, Inc.* v. *United States*, 80 Cust. Ct. 249, C.R.D. 78–3 (1978) and *Armstrong Bros. Tool Co. et al.* v.

*United States (Daido Corporation, Steelcraft Tools Division, Party-in-Interest)*, 80 Cust. Ct. 252, C.R.D. 78–5 (1978), this court ordered that ITC submit a certified copy of the transcript of proceedings, exhibits introduced before the Commission, certified copies of written submissions, questionnaires, reports, and all other documents and things in the file of the Commission relating to the investigation. It also ordered that a motion for a protective order respecting any documents or things that were submitted to the Commission on a confidential basis, or otherwise privileged, would be considered after receipt of the materials in court. As stated in the *Pasco Terminals* case, the basis of the order is "to enable the court to determine whether or not the Commission's finding of injury was, among other things, arbitrary, an abuse of discretion, or otherwise contrary to law." See 5 U.S.C. § 706 (2)(A)(1976). See also *Camp* v. *Pitts*, 411 U.S. 138 (1973); *Citizens to Preserve Overton Park* v. *Volpe*, 401 U.S. 402 (1971); *Imbert Imports, Inc.* v. *United States*, 60 CCPA 123, 475 F. 2d 1189 (1973); *Suwannee Steamship Company* v. *United States*, 79 Cust. Ct 19, 435 F. Supp. 389 (1977), and cases cited therein. Cf. *Dunlop* v. *Bachowski*, 421 U.S. 560 (1975). See also questions and answers attached to the letter of Chairman Daniel Minchew, United States International Trade Commission, November 16, 1977, reproduced in *Hearing Before the Subcommittee on Trade, House Committee on Ways and Means, on the Adequacy and the Administration of the Antidumping Act of 1921* (95th Cong., 1st Sess. 1977) pp. 65–66.

In view of the foregoing, and upon consideration of all other proceedings herein, it is hereby

ORDERED that plaintiff's motion be denied, and that the Secretary of the United States International Trade Commission, Mr. Kenneth R. Mason, shall prepare and transmit to Mr. Joseph E. Lombardi, Clerk of the United States Customs Court, on or before September 15, 1978, the following:

(1) A certified copy of the transcript of proceedings and all exhibits introduced before the Commission in its Investigation AA1921–145;

(2) Certified copies of all written submissions, questionnaires, reports and all other documents which relate to Investigation AA1921–145;

(3) All other things in the files of the Commission relating to the investigation. *Pasco Terminals, Inc.* v. *United States, supra; Armstrong Bros. Tool Co. et al.* v. *United States (Daido Corporation, Steelcraft Tools Division, Party-in-Interest), supra,* and it is further,

ORDERED that the defendant's and the party in interest's cross-motions for protective orders shall be denied without prejudice subject to renewal as to any documents or things that were received by the Commission on a confidential basis, or that are otherwise privileged.