(C.R.D. 80–9)

CONNORS STEEL COMPANY, PLAINTIFF v. UNITED STATES, DEFENDANT

Court No. 80-3-00478

(Dated September 3, 1980)

WATSON, Judge: This memorandum opinion concerns discovery sought by plaintiff, a domestic steel company, in furtherance of its action contesting an administrative determination that certain Belgian steel beams were not being sold in the United States at less than fair value.

By means of a request for production of documents and interrogatories, plaintiff sought business information submitted to the Customs service by the Belgian manufacturer and its subsidiary. The information was received under a pledge of confidentiality and is now in the possession of the Department of Commerce to which the sales-at-less-than-fair-value stage of antidumping proceedings were transferred. The information includes names of customers and details of particular sales transactions.

Defendant United States, honoring its pledge, has moved for a protective order barring disclosure on the ground that damage will

result to the business of those submitting the information. Defendant also argues that disclosure will discourage the submission of such information to the Government and thus impair the informational basis of the administration of the antidumping law. Plaintiff, relying on the relevance of the information has moved to compel discovery.

The court accepts the proposition that in the hands of a competitor the information in question can cause incalculable harm. The court also understands the desirability of encouraging the fullest possible submission of information to the administrative agencies charged with making determinations in the area of international trade. On the other hand, the court recognizes the necessity of allowing a party to fully prepare and present its legally authorized challenge to an administrative determination and to do so based on all available relevant material. In balancing these opposing considerations the most equitable solution appears to be to permit disclosure in a manner which will allow the information to be examined and utilized by the lawyers for plaintiff and designated experts for the purpose of this litigation but will forbid the further disclosure of the information to any other persons. In this regard the court relies on the lawyers, not as the alter egos of the plaintiff but as independent professionals and officers of the court.

In general, this approach conforms to the orders allowing disclosure of confidential information in *Pasco Terminals, Inc.* v. *United States*, 80 Cust. Ct. 249 (1978) and *Armstrong Brothers Tool Co., et al.* v. *United States*, 80 Cust. Ct. 252 (1978).

For the above reasons, it is

ORDERED, that plaintiff's motion to compel discovery be granted subject to the following terms:

1. The subject material shall be made available to counsel for plaintiff within 10 days of the entry of this order.

2. Counsel for plaintiff may disclose the material to the lawyers and office personnel working on the litigation.

3. No person to whom the material is disclosed shall at any time discuss or reveal the information to anyone except those authorized by this order.

4. No copies of the material shall be made except for the purposes of the litigation and as authorized in writing by counsel for plaintiff. A record of the authorizations shall be maintained, together with a log showing the pertinent details of the copying.

5. At the conclusion of the litigation the material shall be returned to counsel for defendant, together with all copies not utilized in court papers. The record of authorizations and copy log shall also be turned over to defendant at that time.

6. The terms of this order may be modified upon the consent of defendant or upon a further order of the court.