(C.R.D. 80–10)

ATLANTIC SUGAR LTD., ET AL., PLAINTIFFS *v.* THE UNITED STATES, DEFENDANT

Court No. 80–5–00754

(Dated September 12, 1980)

WATSON, Judge: This dispute regarding access to confidential documents arises in an action challenging the determination by the International Trade Commission (hereafter referred to as ITC), that importation of sugar from Canada was causing material injury to an industry in the United States. The action was commenced to seek judicial review of a final antidumping duty order under section 516A(a)(2) of the Tariff Act of 1930, 19 U.S.C. 1516 a(a)(2).

Plaintiffs, who are Canadian producers of refined sugar, seek access to certain documents which had been given confidential status by the ITC. The documents in contention consisted initially of a number of completed questionnaires submitted to the ITC by domestic sugar producers. The Government cross-moved for a protective order as to those documents. Amstar Corp., a domestic sugar producer whose petition initiated the administrative proceeding, intervened in this action and opposed plaintiffs' motion to the extent that it sought Amstar's answer to the questionnaire and other confidential documents containing information regarding Amstar's business operations. The plaintiffs withdrew their request for the completed questionnaires of other producers, leaving the disclosure of document 25 (Amstar's questionnaire) opposed by Amstar and the Government and the disclosure of documents 2, 3, 9, 10, and 11 opposed by Amstar. The latter documents contain information regarding financial performance, distribution, sales, and financial indicators for a number of domestic sugar producers, including Amstar. The information deals separately with the Northeastern States and other States.[1]

The court has examined the documents in camera and concludes that access to this information should be granted. See title 19, U.S.C. 1516a(b)(B). The details of the financial performance of domestic sugar producers and the data bearing on the existence of a regional sugar producing industry are important in determining whether there

---

[1] The court has also examined defendant's motion for protective order regarding other privileged documents included in the Administrative Record. An affidavit and claim of privilege by Mr. Bill Albergers Chairman of the ITC, has been filed in support of this motion. In view of plaintiffs' response to defendant', cross-motion for protective order the court understands that at this time there is no controversy as to these documents and this order shall not be deemed to cover the disclosure of the same.

was substantial evidence to support the determination of injury. The information also relates to the circumstances pertaining to the use of a "regional industry," as defined in 19 U.S.C. 1677(4)(c), rather than the domestic industry as a whole, for the purpose of determining injury. The court has not been persuaded that nonconfidential summaries of such material can be utilized for these purposes. Since the court is aware of the sensitive nature of a great deal of this information it therefore, adopts the terms and conditions of plaintiffs' proposed order. For the above reasons and upon careful consideration of plaintiffs' motion, the opposition by Intervenor Amstar Corp., the cross-motion for a protective order by the defendant United States, the response thereto by plaintiffs and all other pleadings and papers on file, it is hereby

ORDERED that plaintiffs motion be, and the same hereby is granted. It is further

ORDERED that the confidential documents numbered 2, 3, 9–11, 25, 42, 45–46, 49–50, 52, 56–57, and 61 in list No. 2, transmitted to the U.S. Customs Court in connection with this action, shall be available to counsel for plaintiffs for examination and copying at the office of the Clerk of this Court during the business days of the 30-day period commencing on the date of entry of this order, subject to the terms and conditions specified below.

1. All of the information not previously made publicly available contained in the confidential documents in list No. 2, "Confidintial documents transmitted to the U.S. Customs Court," shall be considered confidential.

2. Except as otherwise provided in this order, counsel for plaintiffs shall not disclose the confidential information to anyone other than their immediate office personnel actively assisting in this litigation.

3. Counsel for plaintiffs and their immediate office personnel shall neither disclose nor use any of the confidential information for purposes other than this litigation or (subject to continued safeguards to preserve confidentiality) any remand or appeal of this matter. Wherever used in this order, the term "this litigation" shall be deemed to include any remand or appeal resulting therefrom.

4. If, in the opinion of counsel for any party it becomes necessary to consult with experts independent of the industry involved in evaluating the confidential information, such experts shall agree not to disclose any of the confidential information to anyone other than to the counsel who consulted with them or to that counsel's office personnel, and then for purposes of this litigation only; any expert so consulted shall first sign a statement submitting themselves to the jusisdiction of the Customs Court and such reasonable sanctions as the Court may hold

appropriate in the event of a breach of the conditions of this protective order by them.

5. In no event shall disclosure of confidential information be made to in-house counsel or other representatives, agents, or employees of plaintiffs or the interested parties.

6. Counsel for plaintiffs shall maintain a record of any and all copies of confidential information made, to whom they are provided and when they are returned. All such copies shall be clearly labeled as containing confidential information and that they are to be returned at the conclusion of this litigation.

7. Any documents, including briefs and memoranda, containirg any of the confidential information, which are filed with the court in this case, shall be conspicuously marked as containing information which is not to be disclosed to the public, and arrangements shall be made with the clerk of this court to retain such documents under seal, permitting access only to the court, court personnel authorized by the court to have access, and counsel for the parties. Copies of all the foregoing documents, but with the confidential information deleted, shall be filed with the court at the same time that the documents containing the confidential information are filed.

8. Any briefs or memoranda containing confidential information shall be served upon the other parties in a wrapper conspicuously marked on the front "Confidential"—to be opened only by (the name(s) of the attorneys handling the case): and shall be accompanied by a separate copy from which the confidential information has been deleted.

9. Upon conclusion of this litigation or any appeal or remand of this matter, counsel for plaintiffs and the interested parties shall (a) return all copies of the confidential documents obtained under this order and the record required to be maintained under paragraph 6 above, and (b) destroy all other documents (including documents held by persons authorized under this order to have access thereto) containing the confidential information.

10. Any reference to plaintiffs' counsel herein shall include any other interested party who may subsequently be granted access to such documents under protective order.