(C.R.D. 80–17)

CONNORS STEEL COMPANY, PLAINTIFF *v.* THE UNITED STATES, DEFENDANT

Court No. 80–5–00478

(Dated October 10, 1980)

WATSON, Judge: This is an action brought to challenge a determination by the Secretary of the Treasury that certain steel I-beams from Belgium were not being sold in the United States at less than fair value. The action was brought under 19 U.S.C. 1516 (Supp. 1979) prior to its amendment by the Trade Agreements Act of 1979.

In an order of September 3, 1980 (*Connors Steel Co.* v. *United States*, 85 Cust. Ct. 112 C.R.D. 80–9), the court granted plaintiff's motion for access to confidential information in the administrative record. This information consisted in part of data regarding the sales of the Belgian manufacturer of the steel in question. Access was made subject to detailed restrictions, one of which provided that only the attorneys working on the case could see the material.

Plaintiff then moved to modify the order to allow it to disclose the material to Economic Consulting Services, Inc., so that they might analyze and verify calculations made by the Department of the Treasury. At that point, S. A. Cockerill (Cockerill) and Cockerill Stinnes Steel Corp. (CSSC), who are respectively, the producer and importer of the Belgian steel in question, were granted leave to appear in opposition. They argued that consultation with economic experts was unnecessary and posed an increased hazard of inadvertent disclosure.

The problem of further disclosure could probably be dealt with by appropriate protective terms and conditions but Cockerill appears to be correct in questioning whether a need exists for consultation with economic experts. On the question of access to these confidential materials, the court continues to balance the demonstrable needs of parties challenging the administrative determination and the legitimate concerns of those submitting confidential business information to the administrative agency.

At present the court does not see the need for anything beyond simple arithmetical use of the sales data of the Belgian manufacturer, and accordingly, is unwilling to modify its previous order. If, at some future time plaintiff is able to posit a reasonably complete line of argument involving the confidential data, and to demonstrate that the proper development of that line of argument requires the expertise

of economic consultants, then the court will reconsider its position. At that time the court will entertain a renewed written motion for modification with notice to Cockerill.

In the course of the hearing on this motion and in preceding papers the court has become aware of a sharp dispute regarding the scope of judicial review in this action. It is best that this matter be resolved so that the possible issues are identified as soon as possible. To this end the parties will be requested to brief the point.

It is therefore

ORDERED, that plaintiff's motion to modify the order of September 3, 1980, is denied, and it is further.

ORDERED, that within 30 days of the date of entry of this order the parties submit memorandums regarding the scope of judicial review in this action.