MELAMINE CHEMICALS, INC., PLAINTIFF *v*. UNITED STATES, DEFENDANT, CHEMIE LINZ, A. G., DEFENDANT-INTERVENOR

Court No. 80–6–00879

AND

MELAMINE CHEMICALS, INC., PLAINTIFF *v*. UNITED STATES, DEFENDANT, MONTEDISON S.p.A. AND MONTEDISON USA, INC., DEFENDANTS-INTERVENORS

Court No. 80–6–00880

*Memorandum Opinion and Order*

(Dated April 21, 1981)

*Baker & McKenzie* (*Bruce E. Clubb* on the motion) for the plaintiff.

*Thomas E. Martin*, Acting Assistant Attorney General; *David M. Cohen*, Director, Commercial Litigation Branch (*Francis J. Sailer* on the motion), for the defendant.

*Siegel, Mandell & Davidson (Herbert T. Posner* on the cross-motion) for Chemie Linz, A.G., defendant-intervenor; *Netter, Dowd & Alfieri (John B. Alfieri* on the motion) for Montedison S.p.A. and Montedison USA, Inc., defendants-intervenors.

LANDIS, Judge: These actions were instituted pursuant to 19 U.S.C. § 1516A(a)(2) seeking judicial review of a determination of no material injury or threat thereof published by the United States International Trade Commission on May 14, 1980 in antidumping investigation Nos. 731–TA–13 and 14, 1980 (final) of melamine in crystal form from Italy and Austria (45 Fed. Reg. 31830).

Plaintiff moves for an order granting access to confidential documents numbered one (1) through twenty-one (21) and twenty-three (23) through twenty-nine (29) on list No. 2 transmitted to this court in connection with the above dumping investigations. Defendant United States cross-moves for a protective order precluding disclosure of the questionnaires contained in the administrative record particularly documents numbered one (1) through eighteen (18) and twenty-nine (29) on list No. 2. Defendants-intervenors Montedison S.p.A. and Montedison USA, Inc. oppose plaintiff's motion as to document numbered seven (7) and so much of the document numbered twenty-eight (28) as pertains to defendants-intervenors. Defendant-intervenor Chemie Linz, A.G. cross-moves for a protective order denying disclosure or, alternatively, for an in-camera inspection as to documents numbered five (5), twenty (20), twenty-five (25) and twenty-six (26) on list No. 2.

Defendant United States does not object to the form of the proposed protective order submitted by plaintiff [1] nor does it argue that the terms therein will not adequately protect all parties in interest. Rather, the Government objects to the broad scope of the request and argues that such disclosure may have a chilling effect on its ability to obtain confidential responses to questionnaires and information from importers and industry in the future. It further questions the relevancy of certain questionnaires received from importers.[2]

Accordingly, upon reading plaintiff's motion to examine confidential documents submitted to the court as part of the administrative record of the proceeding before the International Trade Commission, the opposition and cross-motion for a protective order

---

[1] This order is similar to the order promulgated in *Atlantic Sugar, Ltd.* v. *United States,* 85 Cust. Ct. 114, C.R.D. 80–10 (1980).

[2] The Government does not object to disclosure of documents 19, 20, 21, 23 through 28 on list No. 2. Documents 1 through 15 except 3 are replies to questionnaires from importers. Documents 3, 16, 17, 18 and 29 are replies to questionnaires from domestic producers. Document 18 is plaintiff's own response to the confidential questionnaire. Document 29 is a confidential excerpt of document 18 released by the Commission under protective order to counsel for Dutch State Mines subsequently returned to the Commission.

by the defendant United States, the opposition by defendants-intervenors Montedison S.p.A. and Montedison USA, Inc., and cross-motion of defendant-intervenor Chemie Linz, A.G. and all other pleadings and papers on file, it is hereby

ORDERED that said plaintiff's motion and said defendant United States' cross-motion and said defendant-intervenor's cross-motion be, and the same hereby are granted subject to the terms and conditions set forth below; and

ORDERED that the confidential documents numbered three (3), sixteen (16), seventeen (17) and twenty-eight (28) on list No. 2, transmitted to the United States Court of International Trade in connection with the above captioned action, shall be available to counsel for plaintiff for examination and copying at the office of the Clerk of the Court or the office of the Secretary, International Trade Commission, during the thirty (30) days following entry of this Order, subject to the terms and conditions specified below;

1. All of the information not previously made publicly available contained in the confidential documents in list No. 2, "Confidential Documents transmitted to the United States Customs Court," shall be considered confidential.

2. Except as otherwise provided in this Order, counsel for plaintiff shall not disclose the confidential information to anyone other than their immediate office personnel actively assisting in this litigation.

3. Counsel for plaintiff and their immediate office personnel shall neither disclose nor use any of the confidential information for purposes other than this litigation (subject to continued safeguards to preserve confidentiality) any remand or appeal of this matter. Wherever used in this Order, the term "this litigation" shall be deemed to include remand or appeal resulting therefrom.

4. If in the opinion of plaintiff's counsel, it becomes necessary to consult with experts independent of the industry involved in evaluating the confidential information, counsel will not contact such experts without first notifying and conferring with counsel for defendant United States concerning the suitability of such experts. If after seven days following notification of defendant's counsel, counsel for the respective parties cannot agree upon a suitable expert, plaintiff's counsel may submit the matter to the court for resolution. Such experts, once decided upon, shall agree not to disclose any of the confidential information to anyone other than to the counsel who consulted with them or that counsel's office personnel actively assisting in this litigation, and then for purposes of this litigation only; any experts so consulted shall first sign a statement submitting themselves to the jurisdiction of the Court of International Trade and such reasonable sanctions as the court may hold

appropriate in the event of a breach of the conditions of this protective order by them.

5. In no event shall disclosure of confidential information be made to in-house counsel or other representatives, agents, or employees of plaintiff or the interested parties.

6. Counsel for plaintiff shall maintain a record of any and all copies of confidential information made, to whom they are provided and when they are returned. All such copies shall be clearly labelled as containing confidential information and that they are to be returned at the conclusion of this litigation.

7. Any documents, including briefs and memoranda, containing any of the confidential information, which are filed with the court in this case, shall be conspicuously marked as containing information which is not to be disclosed to the public, and arrangements shall be made with the Clerk of this Court to retain such documents under seal, permitting access only to the court, court personnel authorized by the court to have access, and counsel for the parties. Copies of all the foregoing documents, but with the confidential information deleted, shall be filed with the court at the same time that the documents containing the confidential information are filed.

8. Any briefs or memoranda containing confidential information shall be served upon the other parties in a wrapper conspicuously marked on the front "Confidential—to be opened only by (the name(s) of the attorneys handling the case)" and shall be accompanied by a separate copy from which the confidential information has been deleted.

9. Upon conclusion of this litigation or any appeal or remand of this matter, counsel for plaintiff and the interested parties shall (a) return all copies of the confidential documents obtained under this Order and the record required to be maintained under paragraph 6 above; and (b) destroy all other documents (including documents held by persons authorized under this Order to have access thereto) containing the confidential information.

10. Any reference to plaintiff or plaintiff's counsel herein shall include any other interested party who may subsequently be granted access to such documents under protective order.

Except for documents numbered three (3), sixteen (16), seventeen (17) and twenty-eight (28), all documents one (1) through twenty-nine (29) inclusive, on list No. 2, transmitted to the United States Court of International Trade in connection with the above-captioned actions shall not be available to anyone for discovery purposes at this time. Should any party upon examination of the disclosed documents or otherwise, believe they are entitled to review the non-disclosed docu-

ments they may, upon good cause shown, make application to this court for such appropriate relief as the court deems just and necessary.