NAKAJIMA ALL CO., LTD., PLAINTIFF *v.* UNITED STATES, DE-
FENDANT, CONSUMER PRODUCTS DIVISION, SCM CORP., INTERVENOR

Court No. 80–6–00933

(Dated April 28, 1981)

*Cabinet Hays (Alan S. Hays* of counsel) and *Paul, Weiss, Rifkind, Wharton &
Garrison (Harriet L. Goldberg* of counsel) for the plaintiff.
*Thomas S. Martin*, Acting Assistant Attorney General (*David M. Cohen*,
Director, Commercial Litigation Branch, and *Velta A. Melnbrencis*, Esq., on the
briefs), for the defendant.
*Eugene L. Stewart*, Esq. (*Terence P. Stewart*, Esq., on the briefs), for the
intervenor.

NEWMAN, Judge: Invoking executive privilege in this action
contesting the Government's antidumping duty determinations
respecting portable electric typewriters from Japan, defendant seeks
a protective order for two documents which are included in the
administrative records transmitted to the Court. Intervenor opposes
defendant's motion and has filed a cross-motion for release of the
documents in their entirety, or alternatively, for disclosure of certain

portions thereof after an *in camera* inspection by the Court. Plaintiff has filed a cross-motion stating that it does not oppose defendant's motion, but that if the Court makes the documents available to intervenor, then plaintiff requests that they be made equally available to plaintiff.

According to defendant's memorandum in support of its motion and an attached affidavit and claim of privilege by Bill Alberger, Chairman of the United States International Trade Commission, one document consists of a five-page "pros and cons" statement dated April 16, 1980.[1] Chairman Alberger's affidavit states that the document was prepared by the Commission's staff solely for the internal use of the Commission in arriving at its determination in Investigation No. 731–TA–12 (Final) concerning portable electric typewriters from Japan; that it sets forth conclusions, considerations, deliberations, advice and recommendations; and that such document comprises part of the process by which the Commission's decisions are formulated.

According to defendant's memorandum in support of its motion and an attached affidavit by the then Secretary of Commerce, Philip M. Klutznick, claiming executive privilege, the second document in question is a memorandum dated February 22, 1980 prepared by David Amerine (a staff attorney in the Office of the Assistant General Counsel for Import Administration) for John Greenwald, Deputy Assistant Secretary for Import Administration, United States Department of Commerce.[2] Secretary Klutznick's affidavit states that this internal agency communication contains a factual analysis and advisory opinions and recommendations concerning the calculation of the fair value of the merchandise included in the antidumping investigation, and reflects the staff attorney's exercise of his judgment as to what factual, legal and policy questions would be important to his superiors who had the responsibility for making a final antidumping duty determination. The affidavit further avers that to the extent there is factual material in the document, the facts are so interwoven with the analytical portions that revealing the facts would reveal the analytical process and reflect the exercise of the staff attorney's judgment as to what facts would be important in arriving at the final decision. The Secretary then states that the disclosure of the docu-

[1] Document numbered 40 on List No. 2, *Confidential Documents Transmitted to the United States Customs Court,* which is part of the administrative record transmitted to the Court in connection with U.S. International Trade Commission Investigation No. 73–TA–12 (Final): Portable Electric Typewriters from Japan.

[2] This unnumbered document is contained in Volume 6 of the administrative record transmitted to the Court in connection with the Final Determination of Sales At Less Than Fair Value made by the United States Department of Commerce with regard to portable electric typewriters from Japan. This document was also transmitted to the Court as part of Volume 11 of the administrative record in *Silver Reed America, Inc.* v. *United States, et al.,* Court No. 80–6–00934, and is presently the subject of a motion for a protective order filed by defendant in that case. See 1 CIT 265, Slip Op. 81–36 (April 28, 1981).

ment would seriously impede the free flow of essential advice and recommendations necessary for effective decision making.

In opposition to defendant's motion and in support of its cross-motion, intervenor asserts that it needs the document to know "the questions of fact and issues of law which were submitted to the Commissioners and to the Deputy Assistant Secretary for Import Administration, respectively, for use by them in making their decisions, so that intervenor can thus ascertain, in conjunction with the documents available in the public record and otherwise whether there is a reasonable indication that all material factual and legal issues presented in the administrative proceedings were analyzed by the staff and/or the agencies prior to the final determination." Alternatively, intervenor requests that the Court "conduct an *in camera* inspection of the two documents at issue so that those portions of the documents which set forth the questions of fact and issues of law can be separated from those portions which the Court determines should not be released."

Fundamentally, of course, the governmental privilege invoked by defendant here (which involves no military or state secrets) is not absolute, but qualified. *SCM Corporation* v. *United States* (*Brother International Corporation, Party-in-Interest*), 82 Cust. Ct. 351, C.R.D. 79–11, 473 F. Supp. 791 (1979); *Sprague Electric Company* v. *United States* (*Capar Components Corp., Party-in-Interest*), 81 Cust. Ct. 168, C.R.D. 78–18, 462 F. Supp. 966 (1978). "In all cases in which a protective order is sought, the courts must weigh the need for the materials sought against the potential harm that would result from their disclosure." *Roses, Inc.* v. *United States, et al.*, 1 CIT 116, Slip Op. 81–4 (Jan. 12, 1981).

In *SCM Corp.* v. *United States*; *Sprague Electric Co.* v. *United States*; *Henkel Corporation* v. *United States*, 85 Cust. Ct. 116, C.R.D. 80–15 (1980); and *Asahi Chemical Industry, Ltd.* v. *United States*, 1 CIT 21, Slip Op. 80–5 (Nov. 20, 1980), this Court upheld a claim of governmental privilege with regard to a "pros and cons" statement. Further, in *Silver Reed America, Inc.* v. *United States, et al.*, 1 CIT 265, Slip Op. 81–36 (April 28, 1981), decided concurrently herewith, this Court sustained defendant's claim of privilege with respect to the Amerine memorandum of February 22, 1980 under virtually identical circumstances as are presented here.

On balance, under the circumstances presented here, I have concluded that defendant's motion should be granted with respect to both documents in their entirety. It is noted that intervenor was granted leave to intervene for the purpose of defending the challenged administrative determinations. No specific need has been demonstrated by intervenor for the particular documents in dispute for the purpose of defending the Government's determinations.

For the foregoing reasons, it is hereby ordered that:

1. Defendant's motion for a protective order is granted;
2. Intervenor's cross-motion for release of all or a portion of the documents is denied; and
3. Plaintiff's cross-motion is denied.