JAPAN EXLAN COMPANY, LTD., MITSUBISHI RAYON CO., LTD., PLAIN-
TIFFS v. UNITED STATES, DEFENDANT, AMERICAN YARN SPINNERS
ASSOCIATION, INTERVENOR

Court No. 80-5-00755

ASAHI CHEMICAL INDUSTRY COMPANY, LTD., PLAINTIFF v. UNITED
STATES, DEFENDANT, AMERICAN YARN SPINNERS ASSOCIATION,
INTERVENOR

Court No. 80-5-00755-S

(Dated May 12, 1981)

RAO, *Judge:* Plaintiffs seek discovery of certain documents (listed *infra*) submitted to the International Trade Commission (hereinafter ITC) by American manufacturers, purchasers or importers of spun acrylic yarn and documents originating with the ITC during Investigations No. 731-TA-1 (Final) and 731-TA-2 (Final with respect to spun acrylic yarns from Japan and Italy.

By cross-motion for a protective order defendant opposes access for plaintiffs to these documents on the grounds that the ITC has promised confidentiality to firms submitting business data, that release of this information would seriously hamper the operations of the ITC, and that plaintiffs have not evidenced a need for the information in the documents. In support of its position, defendant has submitted the affidavit of E. William Fry, Director of Investigations for the ITC, to the effect that a promise of confidentiality is given to each supplier of sensitive business information and assurances that this information will not be released voluntarily affect the willingness of sources of information to submit the data required by the ITC making valid determinations of material injury. Defendant moves that if this court permits discovery of the documents in question, the identity of the suppliers of the information be withheld by coding the names of responders to the questionnaires and those on other documents.

American Yarn Spinners Association, intervenor (hereinafter AYSA), also opposes plaintiffs' motions, on the additional grounds that it is not clear that the documents in question are properly part of the record for purposes of judicial review and that the information was submitted to the ITC only on the express assurance that such information would be seen solely by the staff and members of the Commission.

Taking each of these arguments and weighing them against plaintiffs' right to know brings this court to the conclusion that the re-

quested documents should be disclosed. It is where the government invokes the executive privilege that the plaintiff must show a compelling need which outweighs the government's interest in protecting the confidentiality of communications among members of an agency's or commission's staff. *See Asahi Chemical Industry Co.* v. *United States*, 1 CIT 21, Slip Op. 80–5 (Nov. 20, 1980) and cases cited therein. In cases in which a plaintiff was permitted full, or limited, disclosure of business information received by the ITC under a pledge of confidentiality, no requirement to demonstrate a compelling need was placed on it. *Connors Steel Co.* v. *United States*, 85 Cust. Ct. 112, C.R.D. 80–9 (1980); *Atlantic Sugar Ltd., et al.* v. *United States*, 85 Cust. Ct. 114, C.R.D. 80–10 (1980).

The promise of the ITC that the information would be kept confidential was not and could not have been absolute, as it must appreciate that all documents submitted during and arising from an investigation would be at least potentially reviewable by this court, its staff and the Department of Justice attorneys involved in the judicial review of the ITC's findings and the conclusions drawn therefrom. We find the statement of the ITC with respect to confidentiality less than a guarantee or even an implication that the information disclosed would be safeguarded from disclosure, as evidenced in its statement in its cover sheet to the questionnaire sent to purchasers in these investigations:

> The commercial and financial data furnished in response to sections I through IV that reveal the individual operations of your firm, will be treated as confidential by the Commission to the extent such data is not otherwise available to the public and will not be disclosed except as may be required by law. The confidential information supplied by you in this questionnaire, or in connection therewith, will not be published in a manner that will reveal the individual operations of your firm.
>
> Information submitted to or gathered by the Commission in conjunction with this proceeding under section 201(a) of the Antidumping Act may be subject, after January 1, 1980, to new antidumping provisions set forth in title VII which title would be the Tariff Act of 1930 as amended by the Trade Agreements Act of 1979 (see enclosed notice).

As to AYSA's contention that it is not clear whether the documents in question are properly part of the record for purposes of judicial review, it has not specified which of the documents forwarded by the ITC are to be deemed not judicially reviewable and the grounds or reasons for such a conclusion. Absent specific reasons for contesting the ITC's determination that the documents are properly part of the record before this court, we shall not conclude that any of them should not be made available to plaintiffs on that ground.

Turning next to defendant's request that the names of the suppliers of information be coded to protect the confidentiality of the sensitive trade information provided by manufacturers, purchasers and importers, this court concludes as follows:

The documents have been examined *in camera* and it has been concluded, based on the fact that none of the information contained therein is more recent than September, 1979 with most of the information adduced dating back to 1978 or earlier, that any sensitivity previously possessed by this data has become *de minimis*. Balanced against plaintiffs' right to evaluate the factors weighed by the ITC in arriving at its determination of injury, this court is of the opinion that limited disclosure should be permitted in all matters that are not sensitive, subject to the guidelines established in *Connors Steel Co.* v. *United States, supra,* and *Atlantic Sugar Ltd., et al.* v. *United States, supra.*

For the above reasons, it is

ORDERED, that the plaintiffs' motions to compel discovery be be granted, subject to the following terms:

1. The subject materials, Documents 1 and 9 through 117 listed on List No. 2, Confidential Documents Transmitted to the U.S. Customs Court [now the U.S. Court of International Trade] shall be made available to plaintiffs' counsel within 10 days of the entry of this order.

2. Plaintiffs' counsel may disclose the material only to its attorneys and office personnel working on this litigation.

3. Counsel for plaintiffs and their immediate office personnel shall neither disclose nor use this confidential information for purposes other than this litigation or any remand or appeal of this matter.

4. If, in the opinion of counsel for any party, it becomes necessary to consult with experts independent of the industry involved for purposes of evaluating the confidential information, such experts shall agree not to disclose the confidential information to anyone other than to the counsel who consulted with them or to that counsel's office personnel, and then for purposes of this litigation only, any expert so consulted shall first sign a statement submitting himself or herself to the jurisdiction of the U.S. Court of International Trade and such reasonable sanctions as this court may deem appropriate in the event of a breach of the conditions of this order.

5. In no event shall disclosure of confidential information be made to in-house counsel or other representatives, agents, employees or servants of plaintiffs or the interested parties.

6. Counsel for plaintiffs shall maintain a record of any and all copies of confidential information made, to whom they were

provided and when they are returned. All such copies shall be clearly marked as containing confidential information and that they are to be returned at the conclusion of this litigation.

7. Any documents, including briefs and memoranda, containing any of the confidential information subject to this order, which are filed with the court in this case or used for any other purpose, shall be conspicuously marked as containing information which is not to be disclosed to the public and arrangements shall be made with the clerk of this court to retain such documents under seal, permitting access only to the court, court personnel authorized by the court to have access, and counsel for the parties. Copies of all the foregoing documents, but with the confidential information deleted, shall be filed with the court at the same time that the documents containing the confidential information are filed.

8. Any briefs or memoranda containing confidential information shall be served on the other parties in a wrapper conspicuously marked on the front "Confidential—to be opened only by attorneys handling this case," and shall be accompanied by a separate copy from which the confidential information has been deleted.

9. On the conclusion of this litigation and any appeal or remand of this matter, counsel for plaintiffs and the interested parties shall (a) return all copies of the confidential documents obtained under this order and the record required to be maintained under paragraph 6 of this order, and (b) destroy all other documents (including documents held by persons authorized under this order to have access thereto) containing the confidential information.

10. Any reference to plaintiffs' counsel herein shall include any other interested party who may subsequently be granted access to such documents under protective order.

Defendant's cross-motion, to the extent that it seeks relief inconsistent with this order, is DENIED.