NAKAJIMA ALL CO., LTD., PLAINTIFF *v.* UNITED STATES, DEFENDANT, CONSUMER PRODUCTS DIVISION, SCM CORP., INTERVENOR

Before NEWMAN, *Judge.*

Court No. 80-6-00933

(Dated October 26, 1981)

*Cabinet Hays, Esqs.* (*Alan S. Hays,* Esq., of counsel) and *Paul, Weiss, Rifkind Wharton &. Garrison,* Esqs. (*Harriet L. Goldberg,* Esq., of counsel) for the plaintiff

*J. Paul McGrath,* Assistant Attorney General, *David M. Cohen,* Director, Commercial Litigation Branch, and *Velta A. Melnbrencis,* Esq., for the defendant.

*Eugene L. Stewart* and *Terence P. Stewart,* Esqs., for the intervenor.

NEWMAN, *Judge:* We are concerned here with several motions—parallel in some aspects, overlapping in other aspects—relating to an antidumping action affecting portable electric typewriters ("PETs") from Japan.

Before me are five applications:

1) Intervenor's motion for disclosure;
2) Intervenor's motion for a protective order;
3) Intervenor's motion to amend its answer to the complaint to state a cross-claim;
4) Plaintiff's cross-motion for a protective order;
5) Defendant's cross-motion for a protective order.

In this action, brought under section 516A of the Tariff Act of 1930, as amended (19 U.S.C. § 1516a), plaintiff contests the Government's antidumping duty determinations respecting PETs from Japan. Intervenor, a domestic manufacturer of portable typewriters, has moved for an order granting access to certain confidential documents included in the administrative records transmitted to the Court. These documents comprise questionnaires, reports, memoranda and other materials that were submitted to the International Trade Administration ("ITA") of the United States Department of Commerce and the International Trade Commission ("ITC") by manu-

facturers and importers of PETs during investigation No. 731–TA–12 (Final), culminating in the antidumping duty order published in the Federal Register on May 9, 1980 (45 FR 30618).

Intervenor further requests a protective order to prevent disclosure of certain documents in the administrative records transmitted to the Court containing confidential business information concerning intervenor. Additionally, intervenor has filed a motion to amend its answer to the complaint to state a cross-claim alleging that the ITA's determination of sales at less than fair value (LTFV) is contrary to law because it failed to use the "constructed value" method of calculating foreign market value pursuant to 19 U.S.C. § 1677(a)(2) and (3). Intervenor predicates its need to obtain disclosure of certain confidential documents sought by its motion on the constructed value theory asserted by the proposed cross-claim.

Plaintiff and defendant have filed cross-motions for a protective order restricting or precluding disclosure of certain of the documents contained in the administrative records, and join in opposing intervenor's attempt to amend its answer to interpose a cross-claim. Defendant does not object to intervenor's motion for a protective order. Plaintiff does not object to that branch of the intervenor's motion for a protective order respecting intervenor's submissions to the ITC; but plaintiff objects to the granting of intervenor's proposed protective order covering documents submitted by intervenor to other Government agencies that have not been identified with specificity in plaintiff's motion or order.

### Intervenor's Proposed Cross-Claim

Initially, we consider the intervenor's motion to amend its answer to interpose a cross-claim. As noted, *supra*, intervenor now wishes to assert in a cross-claim that the Commerce Department's LTFV determination was erroneous because Commerce failed to use the constructed value approach in determining foreign market value. Intervenor characterizes its proposed cross-claim as an attempt to uphold the ITA's determination, and provide an "alternative theory" upon which plaintiff may be kept within the scope of the final determination of LTFV sales.

Plaintiff and defendant urge that the proposed cross-claim does not purport to sustain the ITA's determination, but rather disputes the ITA's findings, conclusions and the LTFV determination as not supported by substantial evidence and as contrary to law. Viewing the intervenor's proposed cross-claim in this light, plaintiff and defendant maintain that the intervenor's belated attempt to challenge the ITA's determination is barred by the time limitation for seeking judicial review of antidumping determinations specified in section 516A(a)(2) of the Tariff Act of 1930, as amended. Plaintiff and

defendant also argue that the intervenor has failed to allege "good grounds" for its proposed amendment to state a cross-claim which attempts to resurrect a position abandoned during the administrative proceedings.

First, I fully agree with the contention of plaintiff and defendant that the intervenor's proposed cross-claim is barred by the time limitation in section 516A(a)(2) for commencement of an action contesting the factual findings or legal conclusions upon which the LTFV determination was based. It is quite obvious from a reading of the intervenor's proposed amended answer and cross-claim and its supporting memoranda that the intervenor now seeks to contest the factual and legal basis for the Commerce Department's LTFV determination. Clearly, in view of the 30-day statutory time limitation, the intervenor's attempt to challenge the ITA's determination comes too late.

Section 516A(a)(2) provides that final affirmative determinations by the Commerce Department (as the administering authority) and the ITC must be challenged by a civil action commenced within thirty days after the date of publication in the Federal Register of an antidumping or countervailing duty order based upon the determinations involved. Here, the Commerce Department's final affirmative determination regarding PETs from Japan was published on March 21, 1980 (45 FR 18416), the Commission's final material injury determination regarding PETs was published on May 7, 1980 (45 FR 30186), and the Commerce Department's antidumping duty order was published on May 9, 1980 (45 FR 30618). Consequently, under section 516A(a)(2) any civil action challenging the final affirmative determinations had to be commenced no later than June 8, 1980. The intervenor cannot circumvent the explicit statutory time limitation for contesting an antidumping duty determination by simply making a cross-claim when the time for commencing an action has expired.

Even by invoking the doctrine of relation back embodied in Rule 15(c) of the rules of this court,[1] the proposed cross-claim fails to meet the June 8, 1980 deadline for contesting the final antidumping duty order inasmuch as the complaint was filed on July 7, 1980 and intervenor's answer to the complaint was filed on August 14, 1980.[2]

---

[1] Rule 15(c) reads: " Relation Back of Amendments. Whenever the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading. * * *"

[2] Although considering the dates presented here it is unnecessary to decide the question, it would appear that under Rule 15(c) allowance of the proposed amended answer to assert a cross-claim would relate back no further than the intervenor's original answer filed on August 14, 1980, well after June 8, 1980, the last date for contesting the final antidumpting duty order. It would be anomalous to hold that a cross-claim which would be untimely if interposed in an answer may nevertheless be raised in an amended answer on the theory that the claim in the amended answer relates back to the date of filing the complaint.

And in any event, I agree with plaintiff and defendant that the intervenor has failed to show good grounds for the requested amendment. As evident from the Commerce Department's administrative record (Volume 2), the intervenor contended in its dumping petition that constructed value was the proper basis for determining fair value, but such contention was subsequently abandoned before the administrative authority. Plainly, plaintiff and defendant would be prejudiced if the intervenor were now permitted to revive its contention respecting constructed value which SCM (intervenor) abandoned during the administrative proceeding, thereby obviating any need on the part of the Commerce Department or plaintiff to proceed further as to that contention during the administrative proceedings.

In sum, although the statute confers upon interested parties "the right to appear and be heard as a party in interest" (section 516A(d)), and leave to amend is generally "freely given" (Rule 15(a)), an intervening party may not be permitted to contest an antidumping order in contravention of the time limitations imposed by section 516A(a)(2) and the jurisdiction of the court.

### Disclosure

We turn to consideration of intervenor's motion for disclosure of certain documents in the administrative records which were accorded confidential treatment by either the ITA or the ITC in their respective antidumping duty investigations, and also to the cross-motions for a protective order sought by plaintiff and defendant.

It is noted that plaintiff and defendant do not object to release of many of the documents sought by the intervenor under the terms of its proposed protective order. However, objections by plaintiff and defendant remain to disclosure of many of the documents in question containing information regarding responses to questionnaires, prices and sales information, and cost data.

Defendant contends, understandably, that release of confidential business information would seriously discourage and hamper the submission of such information to the Government in the future, and thus hinder the informational basis of the administration of the antidumping law.

Plaintiff, understandably, objects to the disclosure of its cost of production, profits and other sensitive business data that could give its rivals an unfair competitive advantage.

Intervenor, understandably, objects to disclosure of its own confidential business information and submissions for the same reasons advanced by plaintiff.

Clearly, disclosure of confidential business information, such as that sought to be protected by the parties, may cause incalculable harm.

Nonetheless, it cannot be questioned that there may be a need for disclosure of certain confidential business data in order to fully prepare and present a case.

Section 516A(b)(2)(B) of the Tariff Act of 1930, as amended, provides:

> (B) CONFIDENTIAL OR PRIVILEGED MATERIAL.—The confidential or privileged status accorded to any document, comments, or information, shall be preserved in any action under this section. Notwithstanding the preceding sentence, the court may examine, in camera, the confidential or privileged material, and may disclose such material under such terms and conditions as it may order.

It is evident from the foregoing statute that while the Court may, it need not, direct a disclosure of confidential business information. In determining whether to require disclosure of documents containing confidential business data, the Court must balance a party's need for the information sought against the public interest in protecting confidential business information, recognized by section 516A (b)(2)(B) and inherent in the administrative authority's ability to effectively perform its investigative duties required by the Anti dumping Act. Obviously, each case must be considered on its particular facts and circumstances in deciding whether confidential business data should be disclosed. Furthermore, under Rule 26(c) of the rules of this Court the Court may, in its discretion, impose protective conditions on the release of confidential information. *Cf. Melamine Chemicals, Inc.* v. *United States, et al.*, 1 CIT 245, Slip–Op. 81–32 (1981); *Japan Exlan Company, Ltd., et al.*, 1 CIT 286, Slip–Op. 81–43 (1981); *Atlantic Sugar Ltd., et al.* v. *United States*, 85 Cust. Ct. 114, C.R.D. 80–10 (1980); and *Connors Steel Co.* v. *United States*, 85 Cust. Ct. 112, C.R.D. 80–9 (1980).

I conclude that under all the circumstances, it is appropriate here to permit disclosure of most of the documents sought by intervenor in a manner that would allow the information to be examined and utilized by intervenor's outside counsel for the limited purposes of this litigation and to prohibit disclosure for any other purpose. Accordingly, it is ordered:

> 1. Intervenor's motion for disclosure of certain confidential information in the administrative records transmitted to the Court is granted to the following extent, and is denied in all other respects:
> a. Within 15 days from the date of the entry of this order, defendant will make available to intervenor's outside counsel, the Law Offices of Eugene L. Stewart, at the offices of the ITA, United States Department of Commerce, a copy of the following documents contained in *volumes 4 and 5 of the administrative record* transmitted to this Court

in connection with the final determination of sales at LTFV made by the Department of Commerce regarding PETs from Japan, which documents are deemed confidential for purposes of this order, subject to the terms and conditions set forth in point c below:

*Volume 4*

    (i) Pre-Conference Brief of Nakajima All, Ltd., dated 2/4/80;

    (ii) Memorandum from Commissioner of Customs to General Counsel (Treasury), dated 12/5/79: Withholding of Appraisement and Tentative Determination, including that part of the Background Memorandum dealing with Nakajima All, but *exclusive* of that part of the Memorandum dealing with other manufacturers;

    (iii) Memorandum to Mundheim from Ehrenhaft, dated 5/10/79: Initiation of Antidumping Investigation Portable Electric Typewriters from Japan;

    (iv) Memorandum to Marcuss from Greenwald, dated 3/17/80: Final Affirmative Determination Portable Electric Typewriters from Japan; and

    (v) Memorandum to General Counsel Treasury from Commissioner of Customs, dated 5/1/79: Portable Electric Typewriters from Japan—Possible Dumping.

*Volume 5*

    (i) Response to Antidumping Questionnaire, Undated; Response of Nakajima All, Ltd., to Antidumping Questionnaire (undated) (filed August 1, 1979), including exhibits thereto *except Exhibits D and E;*

    (ii) Reports of Investigation, including Exhibits A–U, dated July 27, 1979: and

    (iii) Handwritten notes to Lim, undated.

  b. Within 15 days from the date of the entry of this order, defendant will make available to the intervenor's outside counsel, the Law Offices of Eugene L. Stewart, at the offices of the Secretary of the ITC, a copy of the following documents enumerated on List No. 2, Confidential Documents Transmitted to the United States Court of International Trade, part of the administrative record filed with the Court in this case in connection with the Commission's Inv. No. 731–TA–21 (Final): Portable Electric Typewriters from Japan, which documents are deemed confidential for purposes of this order, subject to the terms and conditions set forth in point c below:

    (i) Document 19: Prehearing report: Portable Electric Typewriters from Japan, Investigation No. 731–TA–12 March 19, 1980;

    (ii) Document 20: Transmittal form entering in the record "Confidential prehearing report to the Commission on Portable Electric Typewriters from Japan." Attachment: Prehearing Report to the Commission and Parties on Preliminary Findings of Fact: Portable Electric Typewriters from Japan, Investigation No.

731–TA–12 (Final), Washington, D.C., March 24, 1980;

(iii) Document 28: Transmittal form entering in the record the final Report to the Commission: Portable Electric Typewriters from Japan, Investigation No. 731–TA–12 (Final), Washington, D.C., April 14, 1980;

(iv) Document 29: Transmittal form entering into the record—Memorandum, OP2–D–087, 4–9–80, regarding lost sales;

(v) Document 35: Transmittal form entering in the record the following: Report to the Commission: Portable Electric Typewriters from Japan, Investigation No. 731–TA–12 (Final), Washington, D.C., April 14, 1980;

(vi) Document 38: Transmittal form entering in the record the Chronological Chart and Pros and Cons (excluding the Chronological Chart and Pros and Cons);

(vii) Document 39: Chronological Chart; and

(viii) Document 41: Transcript of Commission Meeting, April 22, 1980: Briefing (CLOSED SESSION). Portable Electric Typewriters from Japan (Investigation No. 731–TA–12 (Final)).

c. The documents listed in points a and b above are to be made available subject to the following protective terms and conditions:

1) Outside counsel for intervenor shall not disclose the confidential information to anyone other than the immediate office personnel actively assisting in this litigation; and in no event shall outside counsel disclose the confidential information to intervenor or its in-house counsel or other representatives, agents, or employees;

2) Outside counsel for intervenor and counsel's immediate office personnel shall not disclose or use any of the confidential information for purposes other than this litigation; and

3) Any documents, including briefs and memoranda, which are filed with the Court in this case containing any of the confidential information shall be conspicuously marked as follows: " 'Confidential'—Subject to Protective Order. This contains material filed by (name of party) for the purpose of this litigation only. It is not to be opened other than by the Court, nor are the contents hereof to be displayed or revealed other than to the Court, except by Court Order or by agreement of the parties."

Arrangements shall be made with the Clerk of this Court to retain such documents under seal, permitting access only to the Court, Court personnel authorized by the Court to have access, and counsel for the parties; copies of all the foregoing documents, but with the confidential information deleted, shall be filed with the Court at

the same time that the documents containing the confidential information are filed.

4) Any brief or memoranda containing confidential information shall be served by or upon intervenor in a wrapper conspicuously marked on the front "Confidential—to be opened only by (the names of the attorneys handling the case)," and shall be accompanied by a separate copy from which the confidential information has been deleted.

5) If it should become necessary to introduce in evidence any documents containing the confidential information, counsel for the respective parties may propose whatever mechanism may be available and appropriate to limit publication of the documents to an extent no wider than is necessary for purposes of this litigation.

6) Upon conclusion of this litigation, counsel for intervenor shall return all documents containing confidential information to counsel for the defendant United States, and any copies made of such documents, including any documents or copies held by persons authorized under this order to have access thereto, except for copies which contain work notes of counsel for intervenor (or authorized personnel) which shall be destroyed.

2. Intervenor's motion for a protective order is granted to the extent that all confidential business documents transmitted to the Court by the ITC and annexed to the Certificate subscribed and sworn to by Kenneth R. Mason on July 24, 1980 will be retained under seal by the Clerk of this Court, and access permitted to this Court only. In all other respects, intervenor's motion for a protective order is denied.

3. Intervenor's motion to amend its answer to the complaint to state a cross-claim is denied.

4. and 5. The cross-motions of plaintiff and defendant are granted to the extent that they are consistent with the foregoing provisions of this order, and are denied in all other respects.

## Amendment

NAKAJIMA ALL CO., LTD., PLAINTIFF v. UNITED STATES, DEFENDANT, CONSUMER PRODUCTS DIVISION, SCM CORP., INTERVENOR

Before, NEWMAN, *Judge.*

Court No. 80–6–00933

ORDER

(Dated November 6, 1981)

Upon consideration of plaintiff's unopposed motion for clarification of Memorandum and Order, Slip Op. 81–95, dated October 26, 1981

[printed above], and all other papers and proceedings herein, it is hereby

ORDERED, that said Memorandum and Order be and hereby is amended to add the following:

WHEREAS,

    (a) the information contained in Exhibits D and E to the "Response to Nakajima All, Ltd. to Antidumping Questionnaire" ("Response to Questionnaire") appears on pages 11 to 16 of the "Response to Questionnaire;"

    (b) the Response to Questionnaire (including pages 11–16 and Exhibits D and E) is reproduced as Exhibit A to the "Reports of Investigation" contained in the confidential portion of the Record filed in this case by the Department of Commerce;

    (c) Exhibit D is reproduced as Exhibit R to said "Reports of Investigation"; and

    (d) Exhibits D and E may appear in other confidential documents;

defendant shall not disclose said information to intervenor, and, when making documents available to intervenor, shall indicate which documents have been redacted to exclude Exhibits D and E or the information contained therein.