COMMITTEE OF U.S. RAYON PRODUCERS, PLAINTIFF *v.* UNITED STATES, DEFENDANT

Court No. 82-1-00054

Before MALETZ, *Judge.*

(Dated May 27, 1982)

*Order*

1. Upon consideration of (a) plaintiff's motion for production of confidential documents pursuant to a protective order; and (b) defendant's cross-motion for a protective order precluding disclosure to plaintiff of any of the confidential verification exhibits contained at pages 81–181 and 193–222 of the administrative record; and

2. Upon examination by the court *in camera* of each of the confidential verification exhibits in question, including an *in camera* examination of attachments 1 to 14 of Confidential Exhibit 1; and

3. Upon considering the nature of the confidential verification exhibits and upon balancing the need of the plaintiff for these exhibits as against the need in the public interest to protect confidential information and not impair the ability of the administrative agency to collect confidential verification data of this type in the future (see, e.g., *Connors Steel Co. v. United States,* 85 Cust. Ct. 112 at 113, C.R.D. 80–9 (1980); *Nakajima All Co., Ltd.* v. *United States,* 2 CIT 170, Slip Op. 81–95 and 9 (Oct. 26, 1981)).

4. The court determines that given the circumstances of the present case, plaintiff's need for the confidential verification exhib-

---

its in question outweighs the need in the public interest for precluding disclosure to plaintiff of these exhibits.

It is therefore ordered:

1. That plaintiff's motion for disclosure of the confidential exhibits pursuant to a protective order be granted and that defendant's cross-motion for a protective order be denied; and

2. That a true, accurate and complete copy of (a) the confidential verification exhibits contained at pages 81–181 and 193–222 of the administrative record and (b) the translations comprising attachments 1–14 to confidential exhibit C shall be made available to plaintiff within 10 days of the entry of this order under the terms of a protective order that is mutually agreeable to the parties.[1]

---

[1] The court notes that defendant does not object to disclosure under a protective order of pages 60 and 71–72 of the administrative record. Accordingly, defendant shall also within 10 days of the entry of this order make available to plaintiff a true, accurate and complete copy of each of these pages under the protective order agreed to by the parties.