ROSES, INC., PLAINTIFF *v.* UNITED STATES, DEFENDANT, ANAPROMEX, INTERVENOR

Court No. 84–5–00632

Before RAO, *Judge.*

(Dated January 22, 1985)

RAO, *Judge:* This civil action is before the Court on plaintiff's motion for discovery of confidential information under a judicial protective order, and defendant's opposition and cross-motion for a protective order and intervenor's opposition to the motion. The case involves cut flowers imported from Mexico which plaintiff claims receive subsidies or grants from the Government of Mexico, so as to make countervailing duties applicable.

Plaintiff seeks access to certain documents contained in the confidential administrative record filed by the Department of Commerce (Commerce) as part of this civil action. These documents include:

[a] The Government of Mexico's response to Commerce's questionnaire, dated December 19, 1983;

[b] Two memos to the file from Rick Herring of Commerce dated February 3, 1984;

[c] Intervenor's confidential pre-hearing brief;

[d] Letter of March 15, 1984 to Rick Herring from Adduci, Dinan & Matriani with comments on the draft of the public version of the verification report;

[e] Intervenor's confidential post-hearing brief of March 22, 1984; and

[f] The confidential version of the verification report with the verification exhibits, dated March 23, 1984.

Plaintiff had requested that the parties agree to a stipulation granting its counsel for purposes of this litigation access under

protective order to the documents listed *supra,* but defendant and intervenor would not agree to the stipulation. This motion followed.

Plaintiff claims that the documents requested are necessary to its counsel so that it may properly litigate the issues in this action, and states that without access to this information, plaintiff will not be able to present its case fully.

The defendant opposes the motion on the basis that it has given its assurance to the Government of Mexico and to the foreign producers who supplied the confidential business information that it would be treated as confidential and that it will be difficult for Commerce to obtain similar information in similar cases if the material is made accessible to plaintiff's counsel.

Intervenor opposes the motion on the grounds that plaintiff has not demonstrated sufficient need for the information, that large portions of the information sought are not relevant to the issues involved in this case, and that permitting access to plaintiff's counsel to the information would violate the government-to-government confidential understandings upon which the information was submitted.

In considering whether to grant access to plaintiff's counsel to confidential business information in countervailing duty cases, the Court must weigh the following considerations:

■ The need of the plaintiff for data used by the Government in order to respond adequately to subsidy findings;

■ The needs of the Government in obtaining confidential information from foreign governments and businesses in future proceedings; and

■ The need of the foreign manufacturer to protect from disclosure information which, in the hands of a competitor, might injure its relative position in the industry. *Japan Exlan Co., Ltd.* v. *United States,* 1 CIT 286 (1981).

The Court has examined the documents for which confidential business privilege is claimed, *in camera,* and is of the opinion that, on balance of the three considerations, limited access to it should be granted to plaintiff's attorneys for purposes of this litigation. The information in issue came from the Mexican government, from various Mexican companies or growers of flowers, and some were prepared by the International Trade Administration from confidential and other information supplied to it. This information, disclosed to plaintiff's counsel under protective order, will not be "in the hands of a competitor," but will be utilized solely for the purposes of litigating the issues involved in this case in this Court. In *Connors Steel Co.* v. *United States,* 85 Cust. Ct. 112, 113 (1980), the Court enunciated its position in favor of limited disclosure:

> The court accepts the proposition that in the hands of a competitor the information in question can cause incalculable harm. The court also understands the desirability of encouraging the fullest possible submission of information to the adminis-

trative agency charged with making determinations in the area of international trade. On the other hand, the court recognizes the necessity of allowing a party to fully prepare and present its legally authorized challenge to an administrative determination and to be based on all available relevant material. In balancing these opposing considerations, the most equitable solution appears to be to permit disclosure in a manner which will allow the information to be examined and utilized by the lawyers for plaintiff and designated experts for the purpose of this litigation but will forbid the further disclosure of the information to any other persons (sic).

Accordingly, upon consideration of plaintiff's motion for discovery of confidential information under protective order, defendant's opposition and cross-motion for a protective order, and intervenor's opposition thereto, and upon consideration of all other papers and proceedings had herein, it is hereby

ORDERED that plaintiff's motion be, and the same hereby is, granted, and it is further

ORDERED that the documents listed *supra,* with customer names deleted from all documents in which they appear, be released to counsel for the plaintiff under the following conditions:

1. Counsel for the Plaintiff, Roses, Inc. (for the purposes of this litigation defined as being limited to outside counsel, the Law Offices of Stewart and Stewart, in particular Eugene L. Stewart, Esq., Terence P. Stewart, Esq., Paul W. Jameson, Esq. and Mary E. Tuck, Esq.), shall treat the information contained in the requested documents that is not publicly available as confidential (hereinafter "confidential information").

2. Defendant shall within 5 days from the date of this Order make available to Plaintiff's counsel a copy of each of the requested documents, with customer names deleted, for inspection and/or copying, subject to the terms and conditions specified below:

A. All information not otherwise available from the public portion of the record (including the public version of the requested documents) shall be considered as confidential for purposes of this stipulation.

B. Plaintiff's counsel shall not disclose the confidential information to anyone other than their immediate office personnel actively assisting in this litigation.

C. Plaintiff's counsel and their immediate office personnel shall not disclose or use any of the confidential information for any purposes other than this litigation.

D. Any documents, including briefs and memoranda, which are filed with the Court in this case containing any of the confidential information shall be conspicuously marked as containing information that is not to be disclosed to the public, and arrangements shall be made with the Clerk of the Court to retain such documents under seal, permitting access only to the Court, Court personnel authorized

by the Court to have access thereto, and counsel for the parties. Copies of all the foregoing documents, but with confidential information deleted, shall be filed with the Court at the same time that the documents containing the confidential information are filed.

E. Any briefs or memoranda containing confidential information shall be served only upon counsel to the parties to this civil action. Such briefs or memoranda shall be served in a wrapper conspicuously marked on the front "Confidential—to be opened only by (the names of the attorneys handling the case)" and shall be accompanied by a separate copy from which the confidential information has been deleted. All other persons shall be served with a copy of the briefs or memoranda from which the confidential information has been deleted.

F. If it should become necessary to refer in oral argument to the contents of any documents containing the confidential information, counsel for the respective parties may propose whatever mechanism may be available and appropriate to limit publication of the information to an extent no greater than is necessary for purposes of this litigation.

G. Upon the conclusion of this civil action, counsel for the plaintiff shall return all documents containing confidential information and any copies made of such documents, including any documents or copies held by persons authorized under this order to have access thereto, except for copies which contain work notes of counsel for the plaintiff or other authorized personnel, which copies shall be destroyed. Counsel for the plaintiff shall further destroy at such time all copies of briefs, memoranda or other documents in their possession which contain confidential information which they obtained under this order. It is further

ORDERED that defendant's cross motion be, and the same hereby is, denied.