defendant thereto shall be construed as a relinquishment or waiver of defendant's previously asserted position that the court lacks subject matter jurisdiction of this action, or as a waiver of any right defendant may have at law or equity to recoupment of the full amount of the lawful duties eventually found due and owing with respect to the importation of said merchandise should the lien upon said merchandise (or the above bond in lieu thereof) not result in their full recovery.

(C.R.D. 80–14)

ATLANTIC SUGAR LTD., ET AL., PLAINTIFFS *v.* THE UNITED STATES, DEFENDANT

Court No. 80–5–00754

(Dated September 24, 1980)

WATSON, Judge: On September 12, 1980, the court entered an.order granting plaintiffs access to confidential documents from the administrative record of an antidumping proceeding filed in court by the International Trade Commission. Thereafter, Intervenor Amstar Corp. moved for a partial stay of the order and for a rehearing as to the disclosure of document 25, Amstar's response to an ITC questionnaire. Amstar sought a limitation of the disclosure of document 25 to one attachment and 3 of its 15 sections, and a further stay of disclosure of other documents covered by the order until all those persons whose confidential information was contained therein had been given notice of this proceeding and an opportunity to comment.

On September 23, 1980, the court heard oral argument of the above motion. Although the broad notice advocated by Amstar would be a perfect method of insuring that all possible objections to disclosure are heard, it is not presently required by law and has no constitutional dimension. When various persons responded to the questionnaires (from which the information subject to disclosure was evidently extracted) they were informed that the information would not be disclosed "except as required by law." The requirement of disclosure for the purpose of judicial review is such a requirement, even though it may not have been exactly foreseen at that time.

The court notes that under H.R. 7540 (the Customs Courts Act of 1980), which, as of this writing appears destined to go into effect on November 1, 1980, it will be required that interested parties be notified of the commencement of actions such as this one. However, in this "old law" case the court gives greater importance to the uninter-

rupted and expeditious continuation of this action in which issue has already been joined. Moreover, the court is of the opinion that possible harm to other persons by unauthorized disclosure will, in any event, be minimized by the adoption of a stringent protective order.

With regard to Document 25, the court is of the opinion that plaintiffs' need for it goes beyond mere curiosity or a vague groping for clues.

At this preparatory stage, to require plaintiffs to make an exact demonstration of how the contents of this document will support their attack on the administrative determinations would, in effect, require the court to make an advance judgment of the existence of substantial evidence for those determinations. Aside from demanding impossible prescience from the plaintiffs such an inquiry would result in a distorted and piecemeal judicial review.

The document contains 15 categories of information for the years 1975 through 1979, ranging from Amstar's production capacity, distribution of sales and profit and loss to its employment, wage, and price statistics. Some of the information is specifically related to the Northeast region, although most of it is stated in terms of overall operations in the United States, further divided into beet sugar and cane sugar operations. This data has an arguable relevance to the issues and it would be unreasonable to preclude its use as a basis for direct and inferential analysis.

The court adheres to its decision that plaintiffs should have access to Document 25.

For the above reasons, it is

ORDERED, that Amstar's motion for a modification of the previous order and for a further stay be denied and it is further

ORDERED, that the order of September 12, 1980, go into effect 5 days after the date of entry of this order.