STAR-KIST FOODS, INC., PLAINTIFF *v.* UNITED STATES, AND U.S. DEPARTMENT OF COMMERCE, DEFENDANTS, AND THE GOVERNMENT OF THE REPUBLIC OF THE PHILIPPINES, ET AL., INTERVENORS

Court No. 83-12-01711

Before FORD, *Judge.*

(Dated October 1, 1984)

FORD, *Judge:* This action, instituted under Section 516A(a)(2) of the Tariff Act of 1930, as amended, 19 U.S.C. § 1516a(a)(2), contests a final affirmative countervailing duty determination by the International Trade Administration of the United States Department of Commerce covering canned tuna from the Philippines. (48 Fed. Reg. 50,133, Oct. 31, 1983).

Presently before the Court is plaintiff's motion for a protective order, pursuant to 19 U.S.C. § 1516(a)(b)(2)(B) and Rule 26 of the Rules of this Court, to permit disclosure of twenty-four business confidential documents filed in this case. Plaintiff asserts disclosure of the requested documents is appropriate in this action and

the confidential nature of the information sought will be preserved by the proposed protective order.

Defendant's have no independent objections to disclosure under the terms and conditions contained in plaintiff's proposed protective order, deferring instead to the objections raised by the intervenors in this case. The intervenors have no objection to the protected disclosure of twenty-two of the twenty-four documents sought. They do, however, oppose the release of customer names found in two of those documents, Nos. 59 and 239. Additionally, the intervenors oppose the disclosure of certain exhibits contained in the two remaining documents, Nos. 176 and 258, maintaining the exhibits involved are unrelated to plaintiff's claims and the interests in preserving the confidentiality of the exhibits outweigh plaintiff's need for disclosure.

Section 516A(b)(2)(B) of the Tariff Act of 1930, as amended, 19 U.S.C. § 1516a(b)(2)(B), provides:

> (B) Confidential or privileged material—The confidential or privileged status accorded to any documents, comments or information shall be preserved in any action under this section. Notwithstanding the preceding sentence, the court may examine, in camera, the confidential or privileged material, and may disclose such material under such terms and conditions as it may order.

The above provision gives the Court wide latitude in determining whether or not to release confidential documents to parties involved in a proceeding brought under 19 U.S.C. § 1516a. In making its determination, however, "the [C]ourt is guided by three considerations: (1) the need of the litigants for data used by the government in order to respond adequately to subsidy findings; (2) the need of the government in obtaining confidential information from businesses in future proceedings; and (3) the need of the foreign [producers] to protect from disclosure information which, in the hands of a competitor, might injure [their] relative position in the industry." *American Spring Wire Corp.* v. *United States*, 5 CIT 256, 566 F. Supp. 1538 (1983). The Court must then balance "a party's need for the information sought against the public interest in protecting confidential business information, recognized by section 516A(b)(2)(B) and inherent in the administrative authority's ability to effectively perform its investigative duties under the countervailing duty law." *American Spring Wire Corp., supra; Nakajima All Co.* v. *United States*, 2 CIT 170, 174 (1981).

Having reviewed the subject documents and assessed them in light of the aforementioned criteria, I find no reason to deny their protected disclosure for the purposes of this litigation. The contested exhibits consist of various verification data submitted to the International Trade Administration in its investigation into whether, and to what extent, there was evidence to support a countervailing duty determination. As such the exhibits have at least an

arguable relevance to the issues involved in the case at bar. At this preparatory stage, plaintiff is not required to particularize its need for the verification data. *Atlantic Sugar Ltd.* v. *United States*, 85 Cust. Ct. 128, C.R.D. 80–14 (1980); *American Spring Wire Corp., supra.* While acknowledging the reservation to disclosure set forth by the intervenors, in weighing the merits of this motion the Court must also recognize "the necessity of allowing a party to fully prepare and present its legally authorized challenge to an administrative determination and to do so based on all available relevant material." *Connors Steel Company* v. *United States*, 85 Cust. Ct. 112, 113, C.R.D. 80–9 (1980). Given the arguable relevance of the material involved herein, it would be unreasonable to preclude its disclosure at this stage of the proceeding.

In considering the intervenors request that customer names be excised from documents 59 and 239, the Court concludes the balance of equities, in this instance, favors non-disclosure. While the methology and data in this material may be relevant, for plaintiff's purposes it is unnecessary to disclose customer-related information which, in their hands, could injure the intervenors relative position in the industry.

Since the Court is aware of the sensitive nature of the documents subject to this motion, it adopts terms and conditions of plaintiff's proposed protective order. For the above reasons and upon careful consideration of plaintiff's motion, defendant's response, intervenor's opposition and all other pleadings and papers on file, it is hereby—

Ordered that plaintiff's motion be and the same hereby is granted; and it is further;

Ordered that the documents numbered 59, 94, 133, 135, 137, 139, 141, 145, 173, 175, 176, 184, 196, 200, 202, 205, 220, 232, 239, 243, 246, 256, 258, and 281, filed with the Court of International Trade in connection with this action, shall be made available to counsel for plaintiff for examination and copying at the office of the Clerk of this Court during the business days of the 30-day period commencing on the date of the entry of this order, subject to the terms and conditions specified below.

1. Counsel for plaintiff may disclose the material only to other attorneys and office personnel working on behalf of the plaintiff in this litigation.

2. Counsel for plaintiff and their immediate office personnel shall neither disclose nor use this confidential information for purposes other than this litigation or any remand or appeal of this matter.

3. If, in the opinion of counsel for plaintiff, it becomes necessary to consult with experts in evaluating the confidential information, they shall before any disclosure, notify and obtain the consent of defendants and intervenors for disclosure to identified experts who shall agree not to disclose what they learned from the documents containing the confidential information and shall be subject to the

terms of this protective order; if, after seven days following notification of defendants and intervenors, counsel cannot agree upon the need for an expert or upon a suitable expert, plaintiff's counsel may submit the matter to the Court for resolution.

4. Counsel for plaintiff shall maintain a record of any and all copies of confidential information made, the names or persons to whom they were provided, and the date of their return. All such copies shall be clearly marked as containing confidential information and all person provided copies shall be directed to return them at the conclusion of this litigation.

5. Any documents, including briefs and memoranda, containing any of the confidential information subject to this order, which are filed with the Court in this case or used for any other purpose, shall be conspicuously marked as containing information which is not to be disclosed to the public, and arrangements shall be made with the Clerk of this Court to retain such documents under seal, permitting access only to the Court, Court personnel authorized by the Court to have access, and counsel for the parties. Copies of all the foregoing documents, but with the confidential information deleted, shall be filed with the Court at the same time that the documents containing the confidential information are filed and shall be conspicuously marked as non-confidential copies.

6. Any briefs or memoranda containing confidential information shall be served on the other parties in a wrapper conspicuously marked on the front "Confidential: To be opened only by attorneys of parties in *Star-Kist Foods, Inc.* v. *United States*," and shall be accompanied by a non-confidential copy from which the confidential information has been deleted.

7. At the conclusion of this litigation and any appeal or remand of this matter, within a reasonable time, counsel for plaintiff shall return to the Department of Commerce all copies of the confidential documents obtained under this order and the record required to be maintained under paragraph 4 hereof; and it is further

ORDERED that the customer names contained in documents 59 and 239 be excised from the material made available to counsel for plaintiff.